UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:14-CV-136

SHERRY MOONEYHAM                                              PLAINTIFF

v.

EQUIFAX INFORMATION SERVICES, LLC,
EXPERIAN INFORMATION SOLUTIONS, INC.,
TRANS UNION, LLC, and U.S. DEPARTMENT
OF EDUCATION                                               DEFENDANTS

## MEMORANDUM OPINION AND ORDER

The United States Department of Education ("Department") filed a motion to dismiss
(DN 23) for lack of jurisdiction and for failure to state a claim upon which relief may be granted.
Plaintiff was given the opportunity to respond; the matter is now ripe for adjudication.  The
motion to dismiss (DN 23) is **DENIED**.

## I.  SUMMARY OF FACTS AND CLAIMS

The current dispute began when Plaintiff applied for a home loan in 2013 and discovered
inaccurate information in her credit history, which should have reflected repayment of a student
loan she received in 1998. (Compl. 2, DN 1; Def.'s Mem. in Supp. of Mot. to Dismiss 2-3, DN
23-1). Plaintiff alleges her credit report not only lacked this positive credit information but
contained inaccurate, negative information. She sent dispute letters to the credit rating agencies
and to entities she alleges provided inaccurate information requesting prompt correction of her
credit report. (Compl. 4).

Included among these dispute letters was a letter sent to the Department. Plaintiff alleges
that sometime after these letters were sent, both inaccurate negative and positive accurate credit
information was deleted from her history. (Compl. 4). In July through September of 2014,

1

Plaintiff applied for three additional homes loans and was denied each time (Compl. 5-6). Between each of these denials, she took further steps to correct her credit history (Compl. 5-6). Among these steps were agreements with other creditors that had supplied negative credit information. (Compl. 5). After the final denial, she filed the current action on September 30, 2014.

Plaintiff claims jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p, and compensable damages under 15 U.S.C. §§ 1681n, 1681o, and 1681s-2. The Department contests jurisdiction on sovereign immunity grounds. It further argues dismissal is warranted on the merits. Its motion to dismiss is unopposed.

## II. <u>STANDARD</u>

The standards for dismissal under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) differ in the Sixth Circuit. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). Threshold challenges to subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) should generally be decided before any ruling on the merits under Fed. R. Civ. P. 12(b)(6). *See Bell v. Hood*, 327 U.S. 678, 682 (1946). In most circumstances, a plaintiff bears the burden to survive Fed. R. Civ. P. 12(b)(1) motions to dismiss for lack of subject matter jurisdiction. *Id.*

But challenges to subject matter jurisdiction come in several varieties. Facial attacks challenge plaintiffs' establishment of jurisdiction in their complaint and require the court to examine the jurisdictional basis. Factual attacks contest the existence of factual prerequisites to jurisdiction. In such motions, in contrast to motions under Fed. R. Civ. P. 12(b)(6), the district court is empowered to resolve the factual disputes affecting any jurisdictional prerequisites. *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986). A plaintiff bears the burden in both these situations. *Bell*, 327 U.S. at 682.

Sovereign immunity may also serve as a basis for a Fed. R. Civ. P. 12(b)(1) motion to dismiss for lack of jurisdiction. *Muniz-Muniz v. U.S. Border Patrol*, 741 F.3d 668, 671 (6th Cir. 2013). "'[W]hile the Eleventh Amendment is jurisdictional in the sense that it is a limitation on the federal court's judicial power,' [however,] the defense 'is not coextensive with the limitations on judicial power in Article III.'" *Nair v. Oakland Cnty./Cmty. Mental Health Auth.*, 443 F.3d 469, 474 (6th Cir. 2006) (citing *Calderon v. Ashmus*, 523 U.S. 740, 745 n.2 (1998)). "[U]nlike subject-matter jurisdiction, 'the entity asserting Eleventh Amendment immunity has the burden to show that it is entitled to immunity.'" *Id.* (citation omitted).

Courts analyzing challenges under Fed. R. Civ. P. 12(b)(6) "must construe the complaint in the light most favorable to plaintiff[] . . . ." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citation omitted). Courts must also accept all of a plaintiff's allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action's elements" are insufficient. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, this standard is satisfied when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that defendant is liable for the misconduct alleged."[1] *Iqbal*, 556 U.S. at 678 (citation omitted).

---

[1] An opposing party's failure to respond to a dispositive motion can be a basis for granting a motion to dismiss. *See, e.g.*, *Humphrey v. U.S. Att'y. Gen.'s Off.*, 279 F. App'x 328, 331 (6th Cir. 2008). Uncontested motions to dismiss, however, do not relieve the court of all analysis. In comparing motions to dismiss to those for summary judgment, the Sixth Circuit has explained:

> [A] district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded. The court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that he has discharged that burden. We see no reason why the situation should be different in the context of a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

## III. <u>DISCUSSION</u>

The Department of Education contests "jurisdiction" on two bases. It claims the Federal Credit Reporting Act ("FRCA") has not waived sovereign immunity over Plaintiff's claims (Def.'s Memo. in Supp. of Mot. to Dismiss 6-7). Further, it asserts the FCRA provides no cause of action against providers of inaccurate information. (Def.'s Memo. in Supp. of Mot. to Dismiss 7-8). This second defense, however, is more properly characterized as a defense on the merits. *See, e.g.*, *White v. First Am. Registry, Inc.*, 378 F. Supp. 2d 419 (S.D.N.Y. 2005) (analyzing similar argument on motion for judgment on the pleadings); *Taylor v. Chase Auto Fin. Corp.*, 850 F. Supp. 2d 637 (N.D. Miss. 2012) (discussing argument on 12(b)(6) motion). It is analyzed as such herein.

The Sixth Circuit has left unanswered "whether a federal court must decide the immunity question before the merits when a State raises it as a threshold defense." *Nair*, 443 F.3d at 477. While still unresolved, many courts in this circuit, including the Sixth Circuit Court of Appeals, have declined to rule on the issue when other grounds for dismissal were available. *See Lambert v. Hartman*, 517 F.3d 433, 438 (6th Cir. 2008) (declining to address sovereign immunity arguments where other grounds for dismissal could be affirmed). *See also Wesley v. Campbell*, CIV.A. 10-51-DLB, 2010 WL 3120204 (E.D. Ky. Aug. 5, 2010) (declining to address sovereign immunity in motion to dismiss); *Frank v. Univ. of Toledo*, 621 F. Supp. 2d 475 (N.D. Ohio 2007); *Vigil v. Regents of Univ. of Mich.*, 980 F. Supp. 2d 790, 802 (E.D. Mich. 2013) (declining to rule on sovereign immunity at summary judgment). Because of the possibility of avoiding a sovereign immunity ruling, this opinion first analyzes the merit grounds for dismissal.

---

*Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991). Thus, in the current motion the Department bears the burden of establishing sovereign immunity, and the Court is obliged to examine the movant's arguments for dismissal under Fed. R. Civ. P. 12(b)(6) to ensure Plaintiff's burden has been satisfied.

**A.**     **The allegations in the Complaint satisfy Fed. R. Civ. P. 12(b)(6).**

The Department raises several defenses on the merits. First, it argues the FCRA provides no private right of action to enforce provisions relating to the furnishing of accurate information. Second, it argues its obligation to furnish accurate information expired when the loan was repaid. Finally, it argues the statute of limitations has run on the FCRA claim.

As alleged in the Complaint, the Department is a "furnisher of information" under the FCRA. (Compl. 3). The FCRA's provisions relating to such furnishers are limited in enforcement to "[f]ederal agencies and officials and the State officials identified in section 1681s." 15 U.S.C. § 1681s-2(d). The Department argues this exclusive enforcement provision defeats Plaintiff's claims and cites several courts agreeing with its position. *See White v. First Am. Registry*, 378 F. Supp. 2d 419, 423 (S.D.N.Y. 2005); *Eiland v. U.S. Dep't of Educ.*, 2011 WL 31537, at *3 (S.D.N.Y. Jan. 4, 2011). The Sixth Circuit, however, has "conclude[d] that FCRA expressly creates a private right of action against a furnisher who fails to satisfy one of five duties identified in § 1681s-2(b)." *Boggio v. USAA Fed. Sav. Bank*, 696 F.3d 611, 618 (6th Cir. 2012).

Based upon the Court's review of the Complaint, Plaintiff has sufficiently pled facts to support a violation of some of those five duties. Those duties do not relate to the furnishing of accurate information initially, but to the furnishers' duty after a proper complaint has been received. 15 U.S.C. § 1681s-2. After Plaintiff sent dispute letters to the credit reporting agencies and a dispute letter to the Department, the Department then sent erroneous corrective information to the credit reporting agencies. (Compl. ¶¶ 22-24). Accepting these allegations as true and liberally construing them for purposes of this ruling, Plaintiff has properly pled a cause of action under the FCRA. As such, the Court finds no reason to dismiss the Department on these grounds.

Likewise, the expiration of any of the Department's duties does not support dismissal. The Department claims 20 U.S.C. § 1080a relieves it of all legal obligations once loans have been repaid. (Def.'s Memo. in Supp. of Mot. to Dismiss 8). That statute does dictate specific disclosures "with respect to any loan under this part that has not been repaid by the borrower." The statute also specifies, however, that "nothing in [that] subsection shall be construed to affect any otherwise applicable provision of the Fair Credit Reporting Act." 20 U.S.C. § 1080a(a)(3). This explicit limitation makes the duties imposed in the Fair Credit Reporting Act, including those found to contain a private right of action under *Boggio*, applicable and actionable against the Department.

As a final grounds for dismissal under Fed. R. Civ. P. 12(b)(6), the Department argues Plaintiff's claim is outside the statute of limitations. Claims under the FCRA may not be brought later than the earlier of two years from the date of discovery of the violation or five years from the violation. 15 U.S.C. § 1681p. Because Plaintiff's loan was outstanding between 1998 and 2004, the Department argues that either time frame in the statute of limitations has lapsed. The Department admits this defense applies only to violations that occurred while the loan was outstanding. While this Court agrees the statute has lapsed if Plaintiff is challenging the accuracy of the information provided by the Department to credit agencies, the Court's reading of Plaintiff's complaint contains no such allegation. The allegations against the Department concern its actions after receiving notice of the alleged inaccuracies. Plaintiff's allegations place those letters no earlier than early 2013, which makes the September 30, 2014, filing of this lawsuit timely. The FCRA's statute of limitations provides no grounds for dismissal under the facts alleged in Plaintiff's Complaint.

**B.**      <u>**The FCRA waives sovereign immunity.**</u>

This Court agrees with the Seventh Circuit that the FCRA waives sovereign immunity, at least regarding specific provisions. The Eleventh Amendment generally prohibits suits against the government. Where Congress has "unequivocally expressed" a waiver of sovereign immunity, however, suits are permitted. *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33-34 (1992). Such waivers "must be strictly construed in favor of the United States." *United States v. Tenn. Air Pollution Control Bd.*, 185 F.3d 529, 531 (6th Cir. 1999) (citing *Lane v. Pena*, 518 U.S. 187, 192 (1996)). However strictly construed, the FCRA's 1996 amendment to include governments among those subject to the Act expresses such a waiver.

The Department has support for its contrary contention and cites various cases[2] including *Gillert v. U.S. Department of Education*, No. CIV. 08-6080, 2010 WL 3582945 (W.D. Ark. Sept. 7, 2010). In that case, a plaintiff alleged the Department of Education had supplied a credit rating agency with inaccurate information. That court found the FCRA's inclusion of "government or government entities" in the definition of "people" did not waive sovereign immunity. *Id.* at *4. Despite the factual similarity between *Gillert* and Plaintiff's case, this Court finds later interpretations of the FCRA more convincing.

The Department acknowledges the Seventh Circuit's more recent interpretation of the statute. (Def.'s Memo. in Supp. of Mot. to Dismiss 7 (citing *Bormes v. United States*, 759 F.3d

---

[2] The Department cites the following cases: *Kenney v. Barnhart*, No. SACV 05-426 MAN, 2006 WL 2092607 (C.D. Cal. July 26, 2006) (FCRA does not waive sovereign immunity against Commissioner of Social Security.); *Ralph v. U.S. A.F. MGIB*, No. 06-CV-02211-ZLW-KLM, 2007 WL 3232593 (D. Colo. Oct. 31, 2007) (FCRA does not waive sovereign immunity against military defendants.); *Taylor v. United States*, No. CV-09-2393-PHX-DGC, 2011 WL 1843286 (D. Ariz. May 16, 2011) (FCRA does not waive sovereign immunity against government defendants including Department of Education); and *Echols v. Morpho Detection, Inc.*, No. C 12-1581 CW, 2013 WL 752629 (N.D. Cal. Feb. 27, 2013) (finding no waiver of sovereign immunity including for willful violations of FCRA).

793 (7th Cir. 2014))). In *Bornes v. United States*, the government argued that while it was a "person" subject under the statute to the duties the FCRA imposes, it was not subject to any penalties. Unlike the earlier district court opinions, the Seventh Circuit found "[n]othing in the FCRA allows the slightest basis for [this] distinction." *Bormes*, 759 F.3d at 795. The court noted that the FCRA provision at issue had been amended in 1996 to cover "any person" instead of "any consumer reporting agency or user of information." *See* Omnibus Consolidated Appropriations Act, 1997, Pub. L. No. 104-208, § 2412, 110 Stat. 3009-446 (1996). The statutory definition of person, enacted with the original bill in 1970, includes "government or governmental subdivision or agency." *See* Fair Credit Reporting Act, Pub. L. No. 90-321, § 603, 80 Stat. 1128 (1970). Reasoning that Congress need not reiterate definitions with every statutory amendment, the court found this to be an express waiver of sovereign immunity. *Bormes*, 759 F.3d at 795-97. That court found no other courts' opinions that have analyzed this issue in light of *Bormes*. *Id.*

The Seventh Circuit's rationale is convincing and is equally applicable to Sections 1681o and 1681s-2 of the FCRA. In the same 1996 amendment placing liability on "any person" found to be willfully noncompliant under Section 1681n, Congress made an identical change to Section 1681o. Further, Congress added Section 1681s-2 of the FCRA to place duties on "furnishers of information." *See* Omnibus Consolidated Appropriations Act, 1997, Pub. L. No. 104-208, § 2413, 110 Stat. 3009-446 (1996). This section includes duties for "any person" as a furnisher of information upon notice of dispute," *id.*, which is the same provision that the Sixth Circuit has held explicitly created a private right of action in *Boggio*. *See Boggio*, 696 F.3d at 618. Congress must have been similarly aware of its statutory definition of "person" and the duties and liabilities it was consequently placing on the government when it amended Sections 1681o and

1681s-2. Thus, this amendment was intended to waive sovereign immunity as to claims under Sections 1681o and 1681s-2, just like the changes to Section 1681n operated to waive immunity for claims brought under that provision.

In this case, Plaintiff alleges willful noncompliance under Section 1681n, dereliction of duties under Section 1681s-2, and damages under Section 1681o. (Compl. ¶¶ 76-79). Based on the logic of the Seventh Circuit, this Court finds sovereign immunity has been waived with respect to all three provisions, and jurisdiction is proper in this Court.

## IV.  CONCLUSION

For the reasons outlined above, **IT IS HEREBY ORDERED** that United States Department of Education's Motion to Dismiss (DN 23) pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) is **DENIED**.

**Greg N. Stivers, Judge**
**United States District Court**

March 25, 2015

cc:      counsel of record